UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:96 CR 153 |
| | ) | |
| PLAINTIFF, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| MOHAMMED F. SALTI, and | ) | MEMORANDUM OPINION |
| MAHMOUD F. SALTI, | ) | AND ORDER |
| DEFENDANTS. | ) | |

The instant matter is before the Court on Emergency Application for Stay Pending Appeal by Usrah Mary Salti and Mohammed Al Ammouri (With Request for Expedited Decision) ("Application"). (Dkt. # 69). Also before the Court are the United States's ("Government") Response, (Dkt. # 71), and Supplement, (Dkt. # 76), and Mohammed Al Ammouri ("Al Ammouri") and Usrah Mary Salti's ("Salti") (collectively "Petitioners") Reply (Dkt. # 75). For the following reasons, Petitioners' application for a stay is **DENIED**.

Petitioners assert that the Final Order of Forfeiture, dated December 4, 2007, (Dkt. # 67), authorizing the Government to seize roughly $750,000.00 from a Swiss bank account, should be stayed pursuant to 21 U.S.C. § 853 (h), which provides, *inter alia*:

> Disposition of property. Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property . . . making due provision for the rights of any innocent persons. . . . Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

In <u>Michigan Coalition of Radioactive Material Users v. Grieptentrog</u>, the United States Court of Appeals for the Sixth Circuit laid out four factors a District Court must consider when considering an application for a stay pending appeal, 945 F.2d 150, 153 (6th Cir. 1991). These factors are: (1) the likelihood that the party seeking the stay will succeed on the merits of the appeal; (2) the amount of irreparable harm the moving party will sustain absent the stay; (3) harm to others if the stay is granted; and (4) the public interest in granting the stay. <u>Id.</u>, citing <u>Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm.</u>, 812 F. 2d 288, 290 (6th Cir. 1987). These factors are not prerequisites but must be balanced together. <u>Grieptentrog</u>, 945 F.2d at 153.

First, in light of the Court's thorough analysis in the Memorandum, Opinion and Order dated November 30, 2007 ("November 30 Order"), (Dkt. # 65), the Court finds that Petitioners are unlikely to succeed on the merits of their appeal in spite of the fourteen alleged "serious questions going to the merits." (Application at 6-8).

Second, no harm will come to Petitioners if the stay is not granted. Economic harm is not irreparable. <u>See United States v. Paccione</u>, 914 F.Supp. 1037, 39 (S.D.N.Y. 1996), citing <u>JSG Trading Corp. v. Tray-Wrap, Inc.</u>, 917 F.2d 75, 79 (2d Cir. 1990). Petitioners argue that if the monies in the Swiss Account are repatriated, petitioners will lose the "protections" of Swiss law. The Court will not entertain such a broad definition of the property at issue to include the amorphous "protections" of Swiss law. Petitioners argue that "Swiss law provides certain protections for accounts and investments made in Swiss banks." (Application at 4). Petitioners do not specify the protections unique to Swiss banks, choosing instead to submit a photocopied portion of <u>Martindale-Hubbel Law Digest - Switzerland Law Digest</u>, which is nothing more than a brief summary of the Swiss banking system. Should Petitioners succeed on appeal, the Government can surely make them whole by replacing the forfeited monies. The second factor weighs heavily in denying the stay.

2

Third, the Court finds that if the stay is granted, the harm to the Government is slight. The Government asserts that Al Ammouri has in the past attempted to obtain the monies held in the Swiss bank account, in spite of the fact that the United States has had a freeze on the account. Petitioners assert, and the Court agrees, that because the monies in the account have been frozen for more than ten years to this point there is no reason to believe that the Government will be harmed if the status quo is maintained until after the appeal.

Fourth, the public interest lies in denying Petitioners' application for a stay. First, as discussed in the November 30 Order, Al Ammouri cannot pursue his claim to the monies in question because the fugitive disentitlement statute, 28 U.S.C. § 2466, strips him of his ability to use the court system until he appears to face the criminal charges against him. Second, although Salti is not a fugitive, she lacks standing to pursue her claim to the monies at issue, as discussed in the November 30 Order; the Court is concerned that granting a stay to an individual lacking standing risks eroding the finality of judgments rendered by this Court, especially given the weight of the second factor.

The first, second and fourth factors weigh in favor of denying the stay, while the third factor weighs slightly in favor of granting the stay. Taken together though, the Court finds that the factors favor denying the stay.

For the foregoing reasons, Petitioners' application for a stay pending appeal is **DENIED**.

**IT IS SO ORDERED**.

                                     **/s/ Peter C. Economus – January 29, 2008**
                                     **PETER C. ECONOMUS**
                                     **UNITED STATES DISTRICT JUDGE**